UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 25-1592-GW-JCx | Date | February 20, 2026 |
| Title | *G & G Closed Circuit Events, LLC v. Ryan Earl Moore, et al.* | | |

---

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**   IN CHAMBERS - TENTATIVE RULING ON MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS CYH ENTERTAINMENT AND RYAN EARL MOORE [34]

Attached hereto is the Court's Tentative ruling on Motion for Leave to Withdraw as Counsel [34], set for hearing on February 23, 2026 at 8:30 a.m.

                                                                                            : 
                                                         Initials of Preparer      JG

***G & G Closed Circuit Events, LLC v. Moore, et al.***, Case No. 5:25-cv-01592-GW-AYPx
Tentative Ruling on Motion for Leave to Withdraw as Counsel for Defendants CYH Entertainment and Ryan Earl Moore

G & G Closed Circuit Events, LLC ("Plaintiff") filed this lawsuit against Ryan Earl Moore, individually and d/b/a Crowleys Tavern ("Moore"), and CYH Entertainment, an unknown business entity d/b/a Crowleys Tavern ("CYH" and, together with Moore, "Defendants") on June 26, 2025. On November 14, 2025, the Court issued an "In Chambers" Scheduling Order. *See* Docket No. 24. After an initial unsuccessful motion to withdraw (because of a notice issue), *see* Docket Nos. 25, 30, counsel for Defendants has again moved to withdraw. *See* Docket No. 34. Plaintiff has again filed an express non-opposition to that motion. *See* Docket No. 35.

"A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." C.D. Cal. L.R. 83-2.3.2. Counsel has complied with this requirement. *See* Docket No. 25, at 2:11-13, 4:1-13; Docket Nos. 26-27; Docket No. 34, at 2:11-13, 2:26-3:4; Declaration of Ben T. Lila in Support of Motion to Withdraw as Counsel for Defendants, Docket No. 34, ¶ 3. In addition, with respect to non-individual clients (such as CYH), attorneys attempting to withdraw from representation of organizations/entities must provide written notice to the organization/entity "of the consequences of its inability to appear pro se." C.D. Cal. L.R. 83-2.3.4 (emphasis added). Counsel has now complied with this requirement. *See* Docket No. 34, at 2:22-26.

Now that we are beyond the notice issue, under this Court's Local Rules "[a]n attorney may not withdraw as counsel except by leave of court," and a motion seeking such end "must be supported by good cause." C.D. Cal. L.R. 83-2.3.2. Here, the basis for Defendants' counsel's desired withdrawal is the Defendants' failure to maintain contact/communication with counsel. Counsel previously represented that they had attempted to contact Defendants three times via email and twice via telephone between October 23, 2025 (the day that counsel filed an Amended Answer to Plaintiff's Complaint on behalf of Defendants) and November 14, 2025, and had received no response. *See* Declaration of Ben T. Lila in Support of Motion to Withdraw as Counsel for Defendants, Docket No. 25, ¶ 2. They have now indicated that their attempts have

1

continued, with three further attempts to contact Defendants between November 20 and December 17, 2025, and again by phone and email on January 21, 2026. *See* Declaration of Ben T. Lila in Support of Motion to Withdraw as Counsel for Defendants, Docket No. 34, ¶ 2. All such attempts have been unsuccessful.

California Rule of Professional Conduct 1.16(b)(4) permits an attorney's withdrawal where "the client by . . . conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof'l Conduct 1.16(b)(4); *see also* Stevenson & Fitzgerald, *Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial* (The Rutter Group 2025) § 12:192 (noting that "[f]ederal courts generally look to applicable state rules of professional conduct"). Ceasing communication with one's lawyer is a terrific example of a way a client can make it "unreasonably difficult" for a lawyer to do his or her job. As such, the Court concludes that counsel has demonstrated "good cause" for counsel's withdrawal. The Court therefore grants counsel leave to withdraw from their representation of Defendants.

Clients who are "[i]ndividuals" must, following their prior attorney's withdrawal, appear *pro se* or appoint another attorney to make appearances for him/her. *See* C.D. Cal. L.R. 83-2.3.3. As for non-individual clients, such organizations/entities cannot appear in court other than through counsel. The Court will give Defendants 30 days from the date of today's hearing, until March 25, 2026, to indicate an intent to proceed with this matter, either via new counsel or, as to Moore, *pro se*.[1] Failing such an indication, Plaintiff may then proceed with necessary default-related actions.

---

[1] The parties have already stipulated to vacate – and the Court has vacated – mediation-related dates set by the Court's November 14, 2025 Scheduling Order. *See* Docket Nos. 36-37. Under that Scheduling Order, discovery is set to be "completed" by April 3, 2026. *See* Docket No. 24. If either of the defendants indicates an intent to continue litigating this matter by March 25, 2026, the Court will then discuss with the parties further necessary adjustments to the dates set in the Scheduling Order. Some measure of adjustment would be necessary in order to avoid what would be – contrary to counsel's assertion in their motion, *see* Docket No. 34, at 2:15-17 – prejudice to the parties from the expiration of dates already set in this matter.